# (March 7, 1967)

■ CLOVE CORPORATION, Respondent, v. AVALANCHE MOUNTAIN, INC., et al., Appellant, et al., Defendant.— MEMORANDUM BY THE COURT. Appeal from an order of the Supreme Court, Greene County, which denied the appellants' motion to open their default, and to vacate the judgment entered against them

upon an inquest. The action was commenced to foreclose a mechanic's lien for work, labor and services. The answer set up defenses of breach of warranty and nonperformance, and also contained a counterclaim for damages based upon the breach of warranty. The plaintiff noticed the case for a trial by jury at the April 1966 Term of court. The case was set down for trial on April 27, 1966, but the term ended before it could be reached. The plaintiff apparently waived its right to a jury trial at the April Term since an order was made on May 16, 1966 by the Administrative Judge of the Third Judicial District referring this case and others to a Special Equity Term of the court. On May 20, 1966, the plaintiff advised the defendants of the referral order, and requested them to determine whether they would waive a jury trial. On June 17, 1966, the court informed the defendants that, on June 30, 1966 at 10:00 A.M., it would hear and determine the cases which were to be tried without a jury, and would set a date for trial for those in which a jury was required. By letter dated June 24, 1966, the court advised the parties that a jury would be available on June 30, and that it expected the parties to be ready to proceed with the trial. These communications indicate that both the Judge assigned to the Equity Term and the defendants were proceeding on the assumption and belief that the case was to be tried by a jury. The plaintiff probably also assumed that it would be tried by a jury, since it apparently failed to inform the defendants or the Judge of its waiver of a jury trial. The court's letter of June 24 was received by the defendants' attorneys in New York City on Monday, June 27, 1966. On June 28, the attorneys for the defendants advised the court that they could not possibly be ready on such short notice to proceed to trial. On June 30, 1966, the court, after reading the letter of defendants' attorneys, and after discussing the matter with the defendants' attorneys on the telephone, authorized the plaintiff to take an inquest. This order or ruling of the court permitting an inquest is founded upon the nonappearance of the defendants at the time set for trial. The fact that, under section 45 of the Lien Law, the defendants waived their right to a jury trial is of no moment since all parties and the court were proceeding under the misconception that the case was to be tried by a jury. In addition, the court's letter of June 24, in view of its letter of June 17, would constitute a complete surprise to the defendants' attorneys requiring them to perform an almost impossible task of issuing and serving subpœnas upon witnesses who resided over 100 miles from their office upon two days' notice. Under these circumstances, the order appealed from must be reversed, the default judgment is vacated, and the matter set down for trial at the April Term of the Supreme Court, Greene County. Order reversed, on the law and the facts, without costs. Gibson, P. J., Herlihy, Reynolds and Gabrielli, JJ., concur in memorandum by the court.